## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| University of Northern Virginia, Inc. | ) | Case No.  3:09CV2225 |
| | ) | |
| Plaintiff, | ) | **REPORT OF PARTIES'** |
| | ) | **PLANNING MEETING** |
| | ) | |
| -vs- | ) | Judge David A. Katz |
| | ) | |
| | ) | |
| Tiffin University, Inc. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

l.　　　Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b), a meeting was held on November 30, 2009, and was attended by:

　 Richard M. Kerger 　　　 Counsel for Plaintiff(s) University of Northern Virginia, Inc.

　 David J. Claus 　　　　 Counsel for Defendant(s) 　　 Tiffin University, Inc. 　　　

2.　　　The parties:

　　　 Have exchanged the pre-discovery disclosures required by Rule 26(a)(l) and the Court's prior order; or

　 X 　　Will exchange such disclosures by 　December 31, 2009　　　　　　　.

3.　　　The parties recommend the following track:

　　　 Expedited 　X　 Standard 　　　 Complex

　　　 Administrative 　　　 Mass Tort

1

4.     This case is  X  is/___is not suitable for one or more of the following Alternative Dispute Resolution ("ADR") mechanisms:

_____ Early Neutral Evaluation  X  Mediation _____ Arbitration

_____ Summary Jury Trial      _____ Summary Bench Trial

5.     The parties ___ do/ X  do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636(c).

If you are consenting to the jurisdiction of the United States Magistrate Judge, please contact the Judge's Chambers (419 213-5710) prior to the Case Management Conference.  A Consent to the Exercise of Jurisdiction will then be issued for signature by all parties and the case will be sent to the Magistrate Judge for the Case Management Conference and all further proceedings.

6.     The parties agree that this case  X  does / _____ does not involve electronic discovery.

7.     Recommended Discovery Plan (Counsel are reminded to review the default standard for e-discovery set forth in Appendix K to the Local Rules):

(a)     Describe the subjects on which discovery is to be sought, the nature and extent of discovery and any potential problems:     Emails   and   documents  –  no   problems anticipated

(b)     Describe anticipated e-discovery issues (i.e., what ESI is available and where it resides; ease/difficulty and cost of producing information; schedule and format of production; preservation of information; agreements about privilege or work-production protection, etc.):     Not a significant issue.

2

      (c)     Describe handling of expert discovery (i.e., timetable for disclosure of names and exchange of reports, depositions): _____N/A_____

_____

_____

      (d)     Discovery Deadlines: _____5/31/10_____

           (i)     Liability: _____5/31/10_____

           (ii)     Damages: _____5/31/10_____

8.     Recommended dispositive motion date: _____6/30/10_____

9.     Recommended cut-off for amending the pleadings and/or adding additional parties: _____12/31/09_____.

10.     Recommended date for status hearing and/or final pretrial settlement conference: _____Status – 3/31/09_____.

11.     Other matters for the attention of the Court: _____

_____

_____

         Attorney for Plaintiffs: /s/ Richard M. Kerger_____

         Attorney for Defendants: /s/ David J. Claus_____