IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNIVERSITY OF NORTHERN VIRGINIA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TIFFIN UNIVERSITY, INC., <br><br> Defendant. | CASE NO. 3:09-CV-2225 <br><br> JUDGE DAVID A. KATZ <br><br> **MOTION TO DISMISS FOR *FORUM NON CONVENIENS*** |

Now comes Defendant, Tiffin University (incorrectly named as "Tiffin University, Inc."), by and through counsel, and respectfully moves this Court to dismiss Plaintiff's claims against Defendant on the ground of *forum non conveniens*. For the reasons set forth in detail below, the Czech Republic is clearly the more appropriate and convenient forum in which to hear Plaintiff's claims given the private and public factors weighing in favor of adjudication in the Czech Republic. Further, Czech Republic law applies to Plaintiff's claims of tortious interference with business contracts asserted herein.

**I.      INTRODUCTION**

Plaintiff filed suit against Defendant alleging tortious interference with its business contracts. Specifically, Plaintiff alleges that Defendant secretly joined together with Plaintiff's former employees in Prague, Czech Republic to "harm and destroy" Plaintiff's campus educating students in Prague. (Complaint, ¶¶5, 7). Plaintiff further alleges that Defendant worked with Plaintiff's employees in Prague to gain access to and recruit students away from Plaintiff's Prague campus. (Complaint, ¶9-10). Plaintiff claims that Defendant induced these students in

Prague to enroll with Defendant and even leased space on the same floor of the same building as Plaintiff's campus in Prague in an effort to divert students. (Complaint, ¶¶11-13, 17-20). In short, Plaintiff's claims are based on events that solely took place in Prague, Czech Republic and relate to employees and students at its campus in Prague, Czech Republic. None of the facts or circumstances involving this claim arose or occurred in the United States.

## II.  LAW AND ARGUMENT

Federal district courts have wide discretion to dismiss a case on the ground of *forum non conveniens* at any point in the litigation, and may even do so sua sponte. *Sinochem Int'l Co., Ltd. v. Malyaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007); *Estate of Thomson v. Toyota Motor Corp. Worldwide*, Case No. 1:06CV2431, 2007 WL 1795271 (N.D. Ohio Jun. 19, 2007)(attached as Exhibit A). This is because the doctrine is considered as a procedural supervening venue provision that permits the displacement of the ordinary rules of venue when, in the trial court's opinion, jurisdiction should be declined. Id. at 429-430 (quoting *American Dredging Co. v. Miller*, 510 U.S. 443, 453 (1994)). This doctrine is to be applied in cases, such as the present action, where the more appropriate alternative forum is abroad. Id. at 430.

A *forum non conveniens* dismissal is a determination that the merits of a case should be adjudicated elsewhere. Id. at 431 (internal citations omitted). Defendants seeking a *forum non conveniens* dismissal have the initial responsibility to identify a proper alternative forum. *Stewart v. Dow Chemical Co.*, 865 F.2d 103, 106 (6th Cir. 1989). Once the existence of an alternative forum is established, the trial court must weigh the private interests of the litigants and separate factors of public interest in determining the relative convenience of the forum chosen by the plaintiff as opposed to the available alternative forum proposed by the defendant. Id.

2

Factors of private interest to be considered are 1) the relative ease of access to sources of proof; 2) availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of the unwilling; 3) the possibility of view of premises if appropriate; and 4) any other practical problems that make trying a case easy, expeditious, and inexpensive. Id.

Relevant public interest factors include 1) administrative difficulties of courts with congested dockets; 2) the burden of jury duty on people of a community having no connection with the litigation; 3) desirability of holding trial near those most affected by it, and 4) the appropriateness of holding a trial in a diversity case in a court which is familiar with governing law. Id. (citing *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 616 (6th Cir. 1984)).

In evaluating and weighing such private and public interest factors, the trial court's central focus is "convenience." Id. While a plaintiff will generally not be deprived of its choice of suing in its home forum, the ultimate inquiry is where the trial will best serve the convenience of the parties and the ends of justice. *Estate of Thomson*, 2007 WL 1795271 at *5 (quoting *Dowling,* 727 F.2d at 615). Dismissal will generally be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting its choice. *Stewart*, 865 F.2d at 106. (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 (1981)). Moreover, a plaintiff cannot overcome dismissal on the grounds of *forum non conveniens* simply because the laws in a more appropriate forum are less favorable to one or the other party. Id. at 107 (internal citations omitted).

As the discussion below illustrates, this matter should be dismissed on the grounds of *forum non conveniens* because the private and public interest factors dictate that the appropriate forum to resolve this dispute is the Czech Republic. As a case can be dismissed for *forum non*

3

*conveniens* at any time (even without motion from either party), dismissal of the present case is appropriate at this time before the parties undergo the burden of extensive discovery and depositions in this forum.

### A. Private Interest Factors Weigh In Favor of a Czech Republic Adjudication of The Present Case.

Here, Defendant meets its threshold burden by demonstrating that the Czech Republic is an appropriate alternative forum as the alleged wrongdoing and injury occurred and that forum. Moreover, the courts in the Czech Republic can provide adequate relief to Plaintiff. (See Affidavit of Jiří Buchvaldek attached as Exhibit B). At this stage, the public and private interest factors must be weighed.

In *Estate of Thomson v. Toyota Motor Corp.*, Case No. 1:06cv2431, 2007 WL 1795271, the district court for the Northern District of Ohio dismissed a case brought in the United States sua sponte on the grounds of *forum non conveniens* because the alleged injury occurred in South Africa and documents and witnesses were located in South Africa. Id. at *3. The Court based its decision on the clear difficulties of trying a case in a country different from where the event occurred and where witnesses were located. Id. *4. The Court in *Estate of Thomson* stated that a party moving to dismiss for *forum non conveniens* need not provide details regarding the identity of witnesses or the testimony of those witnesses in support of its motion to dismiss because many crucial witnesses are located beyond the reach of compulsory process, and thus are difficult to identify or interview. Id. at *4 (citing *Piper*, 454 U.S. at 258). Indeed, the Court held that "[r]equiring an extensive investigation in a foreign country to support the motion [to dismiss] would defeat the purpose of the motion." Id.

The same difficulties presented in the *Estate of Thomson* case are likewise present in this case with respect to the private interest factors. Here, all of the subject events surrounding

4

Plaintiff's allegations occurred *in Prague, Czech Republic*. Plaintiff's claims relate solely to employees and students of its campus *in Prague, Czech Republic*. Plaintiff's claim against Defendant stems from its allegations that Defendant secretly joined together with Plaintiff's former employees *in Prague, Czech Republic* to "harm and destroy" Plaintiff's campus in Prague. (Complaint, ¶¶5, 7). Plaintiff alleges that Defendant worked with Plaintiff's employees *in Prague* to gain access to and recruit students from Plaintiff's campus *in Prague*. (Complaint, ¶9-10). Plaintiff also alleges that Defendant induced these students *in Prague* to enroll with Defendant and even leased space on the same floor of the same building as Plaintiff's campus *in Prague* in an effort to divert students. (Complaint, ¶¶11-13, 17-20). Thus, the key events surrounding Plaintiff's allegations occurred in the Czech Republic, rather than the United States and the matter should be litigated in that forum.

In light of the claims alleged in this case, there can be no doubt that testimonial and physical evidence related to the alleged diversion of employees and students in Prague, Czech Republic would be located in the Czech Republic. Critical witnesses, such as the employees and students allegedly diverted, would therefore not be subject to this Court's compulsory process.

Because the Czech Republic is a signatory to the Hague Convention on the Taking of Evidence Abroad, the parties must comply with the requirements of that treaty in order to compel documents or witnesses located in the Czech Republic to be produced in this case. (See Status Table, attached as Exhibit C). Moreover, even if such requirements were met and key witnesses located in the Czech Republic were willing to appear before this district court, travel costs to procure such testimony would likely be prohibitive. See, *Estate of Thomson*, 2007 WL 1795271 at *4.

5

Further, the arrangements and location of the subject campuses in Prague, Czech Republic are at issue here. Plaintiff claims that Defendant intentionally leased space in the same building as Plaintiff for the purpose of diverting Plaintiff's Prague students. (See Complaint, ¶¶11-13, 17-20). Thus, a jury view may be appropriate. However, such arrangements would be nearly if not entirely impossible. Accordingly, the private interest considerations in this case clearly establish that the Czech Republic is the more appropriate and convenient forum for adjudication of Plaintiff's claims.

### B. Public Interest Factors Also Mandate a *Forum Non Conveniens* Dismissal.

Public interest factors likewise weigh in favor of dismissal of this action for *forum non conveniens*. It is well established that there is a clear interest in having localized controversies decided at the place where the controversy takes place. *Stewart*, 865 F.2d at 106 (citing *Dowling*, 727 F.2d at 612). Here, it is clear that the people of the Czech Republic have an interest in this controversy that involves the alleged wrongful recruitment of students and faculty studying and working within their country. In contrast, the people within Northern Ohio have no connection to this controversy involving the recruitment of students and faculty in a foreign country. If the case continued in this district court, American jurors in Ohio would be burdened to decide a case in which the outcome would be felt only by the Czech Republic. Conversely, a trial in this Court would deprive the citizens of the Czech Republic from hearing and deciding a case regarding business practices occurring in their country. See *Estate of Thomson*, 2007 WL 1795271 at *4.

Additionally, it is preferable for a court familiar with the controlling law to hear a case if the controlling law is that of a foreign country. *Estate of Thomson*, 2007 WL 1795271 at *4. A federal district court sitting in diversity must apply the choice-of-law rules of the forum state to decide which laws should be applied. Id. at *5 (internal citations omitted). Accordingly, this

6

court must apply Ohio's choice-of-law provisions to this tortious interference with a business contract claim. In Ohio, there is a presumption that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the suit. Id. (citing *Morgan v. Biro Manuf.*, 15 Ohio St.3d 339 (Ohio 1984)). Factors relevant to the determination of a "more significant relationship" include 1) the place where the injury occurred; 2) the place where the conduct causing the injury occurred; 3) the place where the relationship between the parties is centered, and 4) the resident, place of incorporation and place of business of the parties. Id. Significantly, the United States Supreme Court has dictated that the need to apply foreign law favors dismissal by the American court and adjudication of the case by the foreign court familiar with the applicable law. Id. at \*5 (citing *Piper,* supra, 454 U.S. at 260).

In *Estate of Thomson*, 2007 WL 1795271, a federal district court sitting in the Northern District of Ohio balanced these public interest factors and determined that South African law should be applied to the plaintiffs' products liability and agency claims arising from injuries sustained by Ohio plaintiffs while driving a rental car in South Africa. Id. Applying Ohio's choice-of-law factors, the *Estate of Thomson* Court noted that the place of injury was South Africa. The place of conduct in causing the injury could either be Japan (where the car was manufactured) or South Africa (where the car was purchased and stored). Further, the relationship of the parties was centered in South Africa where the plaintiffs had rented the car. Given the significant relationship of South Africa to the subject matter of the case, the *Estate of Thomson* Court concluded that South African law would apply to the plaintiffs' claims, and that South Africa was the more appropriate and convenient forum to hear such claims. Id.

Here, the law of the Czech Republic clearly applies to this dispute. There is no doubt that the Czech Republic has a significant relationship to this case while Ohio has <u>no</u> similar

7

relationship to this dispute. The place of alleged injury is Plaintiff's campus in Prague, Czech Republic which allegedly lost students and employees due to Defendant's conduct that occurred there. The place of conduct is clearly the Czech Republic, and the relationship between the parties is centered upon competing campuses located in the Czech Republic. These factors clearly establish that the Czech Republic has a more significant relationship to this dispute.

Further, Czech Republic law applies to Plaintiff's tortious interference claims for these same reasons. Therefore, both the private interest considerations and public interest factors mandate that this case be dismissed for *forum non conveniens* and instead be pursued in the Czech Republic.

### III. CONCLUSION

The private and public factors favoring adjudication of this dispute in the Czech Republic, as well as the required application of Czech Republic law to Plaintiff's claims, clearly establish that the Czech Republic is the more appropriate and convenient forum for this case. Accordingly, Defendant, Tiffin University, respectfully requests that this Court dismiss Plaintiff's claims on the grounds of *forum non conveniens.*

                                      Respectfully submitted,

                                      */s/ Denise M. Hasbrook*
                                      Denise M. Hasbrook (0004798)
                                      Emily Ciecka Wilcheck (0077895)
                                      Roetzel & Andress, LPA
                                      One SeaGate, Suite 1700
                                      Toledo, OH 43604
                                      Telephone: 419.254.5243
                                      Facsimile: 419.242.0316
                                      E-mail: dhasbrook@ralaw.com
                                      E-mail: ewilcheck@ralaw.com

                                      *Counsel for Defendant, Tiffin University*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing Motion to Dismiss for Forum *Non Conveniens* has been served upon the following parties via the Court's electronic filing system, this  7th  day of July, 2010:

Richard M. Kerger, Esq.
Kimberly A. Conklin, Esq.
Kerger & Hartman, LLC
33 S. Michigan St., Suite 100
Toledo, OH 43604

Shawn C. Whittaker, Esq.
Whittaker & Associates, P.C.
1010 Rockville Pike, Suite 607
Rockville, MD 20852

*Counsel for Plaintiff,*
*University of Northern Virginia, Inc.*

David J. Claus, Esq.
Lange, DeVine & Claus, LLC
174 South Washington Street
Tiffin, OH 44883
*Counsel for Tiffin University*

Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's System.

Respectfully submitted,

*/s/ Denise M. Hasbrook*
Denise M. Hasbrook (0004798)
Emily Ciecka Wilcheck (0077895)

*Counsel for Defendant, Tiffin University*

147952 v_01 \ 123394.0001