IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| University of Northern Virginia, Inc. | ) ) ) ) | Case No. 3:09CV2225<br><br>Judge David A. Katz |
| Plaintiff, | ) ) ) | **OPPOSITION TO MOTION TO DISMISS**<br>**FOR *FORUM NON CONVENIENS*** |
| -vs- | ) ) ) | Richard M. Kerger (0015864)<br>Kimberly A. Conklin (0074726)<br>Kerger & Hartman, LLC |
| Tiffin University, Inc. | ) ) ) | 33 S. Michigan St., Suite 100<br>Toledo, OH 43604<br>Telephone: (419) 255-5990 |
| Defendant. | ) ) ) ) ) ) ) | Fax: (419) 255-5997<br>Email: rkerger@kergerlaw.com<br>       kconklin@kergerlaw.com<br><br>*Counsel for Plaintiff* |

The University of Northern Virginia (UNVA) brought this action against Tiffin University, Inc. (Tiffin) for tortious interference with a business expectancy or contract and for temporary and permanent injunctive relief. UNVA is a Virginia corporation with educational institutions located in the United States and abroad, including Prague, Czech Republic. UNVA has been operating its Prague campus since 2005.

Tiffin is an Ohio corporation. Sometime prior to 2009, Tiffin began to pursue the possibility of opening a campus in Prague. In doing so, Tiffin conspired with current and former UNVA employees to divert students away from UNVA's Prague campus. Tiffin intentionally attempted to hire away UNVA employees and to gain access to UNVA's program information and students through those employees. Accordingly, UNVA filed its Complaint in this Court which has jurisdiction over the city in which Tiffin has its headquarters.

Contrary to the assertions in Tiffin's Motion, UNVA's claims are not based on events that solely took place in Prague. Further, Tiffin knows its statement that the Complaint is based on events that solely took place in Prague is false. On January 30, 2009, UNVA's counsel provided Tiffin's counsel with numerous correspondence between employees at Tiffin's headquarters in Ohio and UNVA's employees in Prague. For example, one of the documents produced was an April 20, 2009 email between Mitchell Young, an UNVA employee in Prague, and Laura Mays and Perry Haan, Tiffin employees in Ohio, regarding the transfer of UNVA students to Tiffin. *See document production attached as Exhibit 1 at Bates #UNVA Tiff 23.* Dr. Haan is the dean of Tiffin's school of business. Another example is a string of emails between Michelle Phillon, an UNVA employee, and Dr. Haan dated

2

June 11, 2009 through June 15, 2009, regarding, amongst other things, the transfer of UNVA credits to Tiffin. *See Exhibit 1 at Bates #UNVA Tiff 13-17.* Further examples produced to Tiffin's counsel included numerous other emails between UNVA employees and Tiffin employees regarding such things as scheduling meetings, course descriptions, and the transfer of both UNVA employees and students to Tiffin. In fact, to the best of UNVA's knowledge, all of Tiffin's acts occurred in Ohio and not in Prague.

The communications between the former UNVA employees and the Tiffin employees resulted in a contract for the former UNVA employees to operate Tiffin Prague. *See Complaint with contract attached as Exhibit 2.* As a result of this litigation and an indemnification clause contained in the contract, Tiffin sued the Tiffin Prague group in the Court of Common Pleas in Seneca County, Ohio. *See Exhibit 2.* Although the contract contained an Ohio forum selection clause, it is clear that Ohio would have jurisdiction over the Tiffin Prague group as a result of the contract whether it contained such a clause or not. In fact, Tiffin alleges in its state court complaint that the Tiffin Prague group conducted business internationally and in the State of Ohio. *See Exhibit 2 at ¶3.* UNVA does not agree that most of the witnesses and evidence are in Prague. Indeed most of the

3

witnesses on plaintiff's claims in this case and the relevant documents are in Tiffin, Ohio. Further, the wrongful acts took place in Ohio and UNVA has sued Tiffin as a result of the actions the Tiffin employees took in Ohio. Thus, Ohio law applies not Czech law.

## I. Standard.

When applying the doctrine of *forum non conveniens*, the defendant must first establish that there is an appropriate alternative forum. Stewart v. Dow Chemical Corp., 865 F.2d 103, 106 (6th Cir. 1989) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947)). Then, the court must go on to weigh private and public factors in favor of each of the forums. The private factors include access to witnesses and evidence, availability of compulsory process for attendance of witnesses, costs of obtaining attendance of witnesses, and possibility of viewing the location if at issue. Id. Public factors include the burden of forcing jury duty on a community with no connection to the litigation, preference toward holding a trial near those most affected by it, which court is most familiar with the governing law, and other practical problems making trial of the case easier, less expensive and more expeditious. Id. After weighing all the relevant factors, "unless the balance is

strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Id.

## II. Analysis.

Tiffin asserts that the Czech Republic is the proper venue for this action. However, Tiffin has failed to show that this alternative forum is both adequate and available, and that private and public factors weigh in favor of dismissing this case on the basis of *forum non conveniens*.

**A. Tiffin has failed to show that the Czech Republic is either an adequate or available alternative forum, much less both.**

In order to bring a successful motion to dismiss for *forum non conveniens*, a moving party must first show that there is an adequate and available alternative forum in which to bring the action. Duha v. Agrium, Inc., 448 F.3d 867, 872 (6th Cir. 2006).

In support of its contention that Prague is the proper alternate forum in which to bring this action, Tiffin relies on an affidavit of a Czech "advocate," presumably the equivalent of an attorney in the United States. The affidavit merely states the affiant's basic credentials and then goes on to state that "[t]he Czech Republic has a court system in which private entities such as UNVA could bring a grievance and pursue remedies for alleged unlawful business activities … like the

5

Complaint filed in this case." *See Affidavit attached to Tiffin's Motion as Exhibit B.*

But there is no showing that Tiffin is subject to service of process or the jurisdiction of the Czech courts. Tiffin failed to make this threshold showing in its Motion. Without a showing that the Czech courts would have jurisdiction over Tiffin, there is absolutely no showing that the Czech courts are an available alternative forum.

In addition, the affidavit gives no information regarding the ease and method of bringing an action in the Czech Republic, or the possible remedies. There is no indication whether an injunction of any sort would be available, or whether plaintiff could recover punitive damages or attorneys' fees. The request for injunction is a major component of UNVA's claims, as UNVA wishes to stop Tiffin from further wrongful actions. Accordingly, there is no assertion that UNVA could bring the same claims and obtain similar relief in the Czech Republic. Therefore, Tiffin has failed to make a threshold showing in support of its *forum non conveniens* motion.

**B. Private interest factors weigh in favor of trying this case in Ohio.**

Tiffin is organized and located in the State of Ohio. Its main campus is in Ohio. All of the officers and employees of Tiffin involved with the alleged tortious conduct are believed

6

to be located in Ohio. As illustrated in the attached emails, Tiffin's wrongful actions occurred in Ohio. Even more, the contract between Tiffin and the Tiffin Prague group contains a Ohio forum selection clause, which is entirely appropriate in view of the level of activity in Ohio.

Tiffin's Prague operations were controlled by Tiffin employees located in Ohio. In fact, it was from Ohio that Tiffin entered into an agreement for its Prague campus. Tiffin has even instituted suit in the Court of Common Pleas for Seneca County, Ohio against the Prague group. In that case, Tiffin has argued that Ohio is the proper venue to bring its action against individuals and entities with whom it had contracted to set up its Prague operations.

One of Tiffin's claims against the defendants in that lawsuit is for indemnification against plaintiff's claims in this action. *See Exhibit 2, ¶16-19*. Therefore, that action involves some of the same facts and transactions which underlie this action, which Tiffin is attempting to move to the Czech Republic. It is hard to reconcile how this case would be so difficult to litigate in Ohio while the case Tiffin filed can easily be litigated in Ohio.

It is UNVA's contention that the scheme to interfere with UNVA's business contracts and expectancies was hatched among

Tiffin officials in Ohio and that the plan was orchestrated through Tiffin's Ohio offices. Emails between employees and agents for the parties in this action show that most, if not all, of the actions complained of in UNVA's Complaint were taken by Tiffin officials and/or employees located in Ohio.

Furthermore, much of the physical evidence is located in Ohio or the United States. Emails between Tiffin officials and employees and some of the actors in Prague are maintained in Ohio. The agreement between Tiffin and its agents in Prague contains an Ohio forum selection clause. In addition, it is reasonable to assume that much of the promotional materials to be used by Tiffin in Prague are located in Ohio. While some evidence may be abroad, a majority of the evidence is in Ohio. The witnesses UNVA will initially depose are in Ohio. In fact, if this case is moved to the Czech Republic, the burden and expense on UNVA will be dramatically increased as most of UNVA's discovery will take place in Ohio.

Accordingly, this case is very different than the case used to support Tiffin's Motion to Dismiss. <u>Estate of Thomson v. Toyota Motor Corp</u>. involved a car accident and subsequent wrongful death and personal injuries action. 2007 WL 1795271, *1 (N.D. Ohio 2007). In that case, all the physical evidence, including the wrecked vehicle and medical records, and

8

witnesses, including doctors involved with immediate treatment and responders to the accident, were located in South Africa. Id. at *3.  The vehicle was bought in South Africa, maintained in South Africa, rented in South Africa and crashed in South Africa.  Furthermore, due to reservations to the Hague Convention on the Taking of Evidence Abroad, the United States would not be able to compel witness testimony from South Africa. Id.  Therefore, the Court found that South Africa had by far the most substantial ties to the action, and that the litigation should take place in South Africa.  Id. at *4.

Such is not the case here.  Tiffin is an Ohio corporation. It is alleged that the scheme to interfere with UNVA's business contract and expectancies was laid by Tiffin officers and employees in Ohio.  Tiffin contracted in Ohio to set up its Prague campus.  Many of the actors involved in the tortious conduct are located in Ohio.  It must be presumed that many of the acts and actions taken in Prague were ratified by Tiffin in Ohio.  A majority of the physical evidence, including correspondence between Tiffin and the former UNVA employees are located in Ohio.  In addition, Tiffin is currently litigating against the Prague group in Ohio.

Furthermore, this Court has the power to compel witness testimony and other evidence from the Czech Republic, as the

9

Czech Republic has fully ratified the Hague Convention on the Taking of Evidence Abroad.

Finally, it should be noted that there has been no showing that trial in Prague would result in any greater convenience. UNVA is incorporated in Virginia and Tiffin is incorporated in Ohio. Each party has the bulk of its operations in the United States. Their officers and the majority of their employees are located in the United States and subject to U.S. courts. There has been no showing that these actors and evidence would be available in Prague.

Therefore, as Tiffin has failed to overcome the presumption in favor of UNVA's choice of forum, this Court must deny Tiffin's Motion to Dismiss.

**C. Public interest factors weigh in favor of keeping this action in this Court.**

UNVA does not agree that Czech law governs this case. This Court must first apply Ohio choice of law to determine the governmental interests. Just because some of the facts giving rise to UNVA's claim arose in a foreign country does not mean that the law of that nation will apply. See Haddad v. Richardson-Merrell, Inc., 588 F. Supp. 1158, 1162 (N.D. Ohio 1984) (refusing to dismiss case for *forum non conveniens* even if Ohio court had to apply Canadian law). The significant contacts in this case occurred in Ohio and therefore Ohio law applies.

Regardless, choice of law is only one factor that this Court must weigh in deciding whether to dismiss this action.

This Court must note that both parties are United States corporations. It is alleged that Tiffin, as an Ohio corporation, has engaged in tortious actions to the detriment of another United States corporation. Therefore, the citizens of the United States, including Ohio, have an interest in this action which is greater than the interest of the Czech Republic.

In addition, there is no assertion that Prague is a more convenient or interested forum. In fact, Prague is a far less convenient and interested forum for this action. Most of the officials and personnel involved in this action are located in the United States.

Finally, it would not be judicially efficient to bring this action in the Czech Republic. There is already one action pending in Ohio which concerns some of the same facts and transactions. Tiffin brought that action in Ohio seeking indemnity for any liability that arises herein.

### III. **Conclusion.**

Based on the forgoing argument and analysis, it is clear that this Court must deny Tiffin's Motion to Dismiss for *Forum Non Conveniens*. Tiffin failed to make a basic threshold showing that there is an adequate and available alternate forum. In

addition, it is clear that the private and public factors weigh in favor of trying this case in Ohio. Therefore, UNVA's choice of forum must prevail.

Dated: August 6, 2010

                                            Respectfully submitted,

/s/ Richard M. Kerger
Richard M. Kerger (0015864)
Kimberly A. Conklin (0074726)
Kerger & Hartman, LLC
33 S. Michigan St., Suite 100
Toledo, OH  43604
Telephone:  (419) 255-5990
Fax: (419) 255-5997
Email: rkerger@kergerlaw.com
       kconklin@kergerlaw.com

/s/ Shawn C. Whittaker
Shawn C. Whittaker
Admitted Pro Hac Vice
Whittaker & Associates, P.C.
1010 Rockville Pike, Suite 607
Rockville, MD 20852
Telephone: (301) 838-4502
Fax: (301) 838-4505
Email: shawn@whittaker-law.com

*Counsel for Plaintiff*
University of Northern Virginia, Inc.

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 6, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                       /s/   Richard M. Kerger
                                       Richard M. Kerger (0015864)
                                       One of the Attorneys for Plaintiff