# EXHIBIT 2

5279

# IN THE COURT OF COMMON PLEAS
## SENECA COUNTY, OHIO

Tiffin University
155 Miami St.
Tiffin, Ohio 44993

Case No. *10CV0251*

              Plaintiff,

v.

Judge:  JUDGE MICHAEL P. KELBLEY

Azutan CH s.r.o. aka Tiffin CZ s.r.o.
c/o Donald MacNeill, Jednatel
Chittusslho 144/1
160 00 Praha 6
Czech Republic

And

Tiffin University – American School of
Business in Prague, Successor in Interest to
Azutan CH s.r.o.
Address unknown

And

Tiffin CZ s.r.o., Successor in Interest to Azutan
CH s.r.o.
c/o Donald MacNeill, Jednatel
Chittusslho 144/1
160 00 Praha 6
Czech Republic

And

Unknown Successor in Interest to Azutan CH
s.r.o.
Address unknown

              Defendants.

FILED
COMMON PLEAS COURT
SENECA COUNTY, OHIO
2010 APR 27 P 2: 06
MARY K. WARD
CLERK

---

## COMPLAINT

---

        Plaintiff Tiffin University, by and through undersigned counsel, states as follows for its

Complaint against Defendants Azutan CH s.r.o. aka Tiffin CZ s.r.o., Tiffin University –

American School of Business in Prague, Successor in Interest to Azutan CH s.r.o., Tiffin CZ s.r.o. and Unknown Successor in Interest to Azutan CH s.r.o. ("Azutan"):

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an Ohio not-for-profit corporation with its principal place of business located at 155 Miami St., Tiffin, Ohio 44883.

2. Plaintiff is an educational institution that conducts business in the State of Ohio, throughout the United States and internationally.

3. Defendants are entities or individuals conducting business internationally and in the State of Ohio. Specifically, Defendant entered into a contract with Plaintiff to assist in providing educational services. Said contract provides for Ohio law to control and this Court to be appropriate for jurisdiction and venue.

4. Jurisdiction and venue are appropriate in this Court in accordance with the contractual agreement that provides for the underlying basis of Plaintiff's claims for relief.

5. Upon information and belief, Defendants' principal places of business are located at the addresses identified in the caption.

## FACTUAL BACKGROUND

6. Plaintiff incorporates the allegations set forth above as if fully rewritten.

7. Azutan entered into a contract with Plaintiff on or about April 30, 2009, wherein Azutan promised to administer and coordinate educational programs in Prague, Czech Republic ("Contract"). A copy of the Contract is attached and incorporated by reference as *Exhibit "A."*

8. Pursuant to the Contract, Azutan promised to indemnify and hold Plaintiff harmless for any claim made by any student or other person or entity related to the educational programs described in the Contract.

9. Plaintiff was named a defendant in an action titled University of Northern Virginia, Inc. v. Tiffin University case number 3:09-cv-02225-DAK, which is currently pending in the United

States District Court for the Northern District of Ohio Western Division ("Federal Claim"). A copy of the complaint that commenced the Federal Claim is attached and incorporated by reference as *Exhibit "B."*

10. Subsequent to the filing of the Federal Claim, which included allegations made by another educational entity against Plaintiff that related to the implementation, administration and coordination of educational programs in Prague that affect and are related to the educational programs referenced in the Contract, Plaintiff, by and through counsel, informed Azutan, requesting indemnification and defense in the Federal Claim, which Azutan refused through counsel. Copies of this correspondence are attached and incorporated by reference as *Exhibit "C"* and *Exhibit "D"* respectively.

### FIRST CLAIM FOR RELIEF

11. Plaintiff incorporates the allegations set forth above as if fully rewritten.

12. Defendants' acts and/or omissions constitute a breach of the Contract by, *inter alia*, failing to indemnify and hold Plaintiff harmless for the claims made against Plaintiff in the Federal Claim.

13. Plaintiff has performed all of its obligations under the Contract.

14. As a direct and proximate result of Defendants' breach of contractual duties, Plaintiff has sustained and will continue to sustain into the future, damages in an amount to be proven at trial, but in excess of $75,000.00 plus interest, costs, and attorney fees.

### SECOND CLAIM FOR RELIEF

15. Plaintiff incorporates the allegations set forth above as if fully rewritten.

16. To the extent the allegations contained in the Federal Claim have legal merit against Plaintiff, Defendant has caused or contributed to the damages and other harms alleged to have been suffered by plaintiffs in the Federal Claim.

3

17. Should the evidence presented in the Federal Claim establish that Plaintiff is liable in any way, Plaintiff is entitled to indemnification and contribution from Defendants for any judgment, costs, damages, and attorney fees that relate to the Federal Claim or defense of the Federal Claim.

18. Defendants' acts and/or omissions directly and proximately caused damages to Plaintiff in an amount to be proven at trial in this matter, but in excess of $75,000.00, plus attorney fees and costs.

19. Further, this Court should declare that Defendants must defend, indemnify and contribute to Plaintiff for any and all damages, costs, and attorney fees expended that in any way relate to the Federal Claim or defense of the Federal Claim.

**WHEREFORE,** Plaintiff demands that judgment be entered in its favor against Defendants, jointly and severally as follows:

A.  Under Plaintiff's First and Second Claims for Relief, judgment against Defendants based upon Defendants' actions and/or omissions in an amount of at least $75,000.00 to be proven at trial plus attorney fees and costs;

B.  Under Plaintiff's Second Claim for Relief a declaratory Order from this Court that Defendants shall fully defend, indemnify and contribute Plaintiff that are related in any way to the Federal Claim or defense of the Federal Claim;

C.  For such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

David J. Claus (0070976)
Lange, DeVine & Claus, LLC
174 South Washington Street
Tiffin, Ohio 44883
(419) 448-9250;(419) 448-9253 – Fax
Email: djc@bizwoh.rr.com
*Counsel for Tiffin University*

4

CONTRACT

Whereas, Tiffin University, an Ohio non-profit corporation, 155 Miami Street, Tiffin, Ohio USA 44883 (hereafter: TU) and Azutan CH s.r.o., Chittussiho 144/1, Praha 6,Czech Republic (which will be renamed TIFFIN UNIVERSITY—AMERICAN SCHOOL OF BUSINESS IN PRAGUE and is hereafter referred to as such) desire to enter into a relationship regarding the Master of Business Administration and Bachelor of Business Administration programs; and

Whereas, TU has business school accredited by the Higher Learning Commission, the Association of Collegiate Business Schools and Programs and the European Council for Business Education; and

Whereas, TIFFIN UNIVERSITY—AMERICAN SCHOOL OF BUSINESS IN PRAGUE will administer and coordinate Master in Business Administration (hereafter: MBA) and Bachelor of Business Administration (hereafter: BBA) programs for TIFFIN UNIVERSITY—AMERICAN SCHOOL OF BUSINESS IN PRAGUE, Czech Republic (hereafter for both MBA and BBA: Program).

Therefore, TU and TIFFIN UNIVERSITY—AMERICAN SCHOOL OF BUSINESS IN PRAGUE agree on the following terms and conditions:

1. **Term:** This agreement shall be in full force and effect for the 2009-2014 fiscal years (August 1, 2009-June 30, 2014).

2. **Responsibilities of TU:**

   a. To provide professors and instructors for the Program on-site in Prague, Czech Republic for 4 of the 18 courses in the MBA and for 4 of the 16 business courses in the BBA.

   b. To control, maintain, and implement all academic standards for the Program. All faculty teaching in the Program will be vetted by the TU School of Business.

   c. To provide a diploma to students who successfully complete the Program to the satisfaction of TU.

1

   d. To conduct admission process – collection of application, verification of prospective students, choice of students.

   e. Provide a schedule of classes and list of professors/instructors who will give them prior to the beginning of each cohort's program.

3. **Responsibilities of TIFFIN UNIVERSITY—AMERICAN SCHOOL OF BUSINESS IN PRAGUE:**

   a. To promote the Program within Prague, Czech Republic and in other countries in Europe and Central Asia.

   b. To coordinate the operations of the Program on-site.

   c. To assist TU in the administrative portions of the admissions, registration, and other related activities of the Program.

   d. To conduct all operations and activities with honesty and integrity so as not to injure the reputation of TU. TIFFIN UNIVERSITY—AMERICAN SCHOOL OF BUSINESS IN PRAGUE has exclusivity in offering the Tiffin University MBA and BBA in Slovakia and Czech Republic.

   e. **TIFFIN UNIVERSITY—AMERICAN SCHOOL OF BUSINESS IN PRAGUE** is entitled to use the name Tiffin University and its logo when promoting the Tiffin University programs.

4. **Payment:**

   a. TIFFIN UNIVERSITY—AMERICAN SCHOOL OF BUSINESS IN PRAGUE will pay to TU 20% of tuition collected from students enrolled in the MBA and 20% of tuition collected from students enrolled in years three and four of the BBA, payable within 45 days of the start of each class session.

   b. Each course shall consist of a minimum of fifteen (15) and a maximum of thirty (30) students.

   c. TIFFIN UNIVERSITY—AMERICAN SCHOOL OF BUSINESS IN PRAGUE will further reimburse TU the sum of $3,000 per class per professor or instructor supplied by TU within 45 days of the start of each class session.

d. TIFFIN UNIVERSITY—AMERICAN SCHOOL OF BUSINESS IN PRAGUE will supply all travel, housing expenses and $25 US per day per diem for professors or instructors supplied by TU in Prague. Any unpaid invoice after 45 days from the class starting shall accrue interest at an annual rate of 15%.

5. **Amendment:** This contract shall only be modified if reduced to a written agreement which is signed by both TU and TIFFIN UNIVERSITY—AMERICAN SCHOOL OF BUSINESS IN PRAGUE.

6. **Termination/Renewal:** This contract may be cancelled at the end of any fiscal year (July 31) by either TU or TIFFIN UNIVERSITY—AMERICAN SCHOOL OF BUSINESS IN PRAGUE with at least sixty (60) days advance notice before the end of the fiscal year to the other. This Contract shall be considered automatically renewed for subsequent fiscal years unless either TU or TIFFIN UNIVERSITY— AMERICAN SCHOOL OF BUSINESS IN PRAGUE provides thirty (30) day notice prior to the end of a fiscal year that said party intends to terminate this Contract. In case of cancellation, TIFFIN UNIVERSITY—AMERICAN SCHOOL OF BUSINESS IN PRAGUE will be allowed to teach out all enrolled students or TU will provide a reasonable and comparable alternative mechanism for them to complete and receive their degree.

7. **Governing Law:** This Contract shall be governed by the laws of the State of Ohio, USA. Any legal action (whether in law or equity) by either TU or TIFFIN UNIVERSITY—AMERICAN SCHOOL OF BUSINESS IN PRAGUE regarding the enforcement, rights, and responsibilities of either TU or TIFFIN UNIVERSITY— AMERICAN SCHOOL OF BUSINESS IN PRAGUE shall be filed in the Seneca County, Ohio Common Pleas Court.

8. **Not Assignable:** This Contract is not assignable by either TU or TIFFIN UNIVERSITY—AMERICAN SCHOOL OF BUSINESS IN PRAGUE under any conditions or situations.

3.

9. **Notices:** Any notice pursuant to this Contract shall be delivered to the other party by fax, email, personal service, or regular postal type service (whether private or government owned) as follows:

> **Tiffin University**
> **155 Miami Street**
> **Tiffin, Ohio 44883**
> **Attention: James J. White, Vice President**
> **Finance & Administration**
>
> **FAX:  (419) 443-5050**
> **E-Mail: jjwhite@tiffin.edu**
>
> **Tiffin University—American School of Business In Prague**
>
> **Azutan CH s.r.o.**
> **Chittussiho 144/1**
> **160 00 Praha 6**
> **Czech Republic**
> **Attention: Donald MacNeill**
>
> **E-mail: don.macneill@tiscali.cz**

Either party can change the identity of the person to be notified by providing written notice to the other party.

10. **Application of Agreement:** TU and TIFFIN UNIVERSITY—AMERICAN SCHOOL OF BUSINESS IN PRAGUE agree that the terms of any prior agreements between the parties related to the Program are hereby null and void except as set forth herein.

11. TIFFIN UNIVERSITY—AMERICAN SCHOOL OF BUSINESS IN PRAGUE further agrees that it will indemnify and hold TU harmless for any claim made by any student or other person or entity regarding any allegation related to this Program.

So agreed on this the 30th day of April, 2009.

TIFFIN UNIVERSITY                    Azutan CH s.r.o.

**Azutan CH s.r.o**
(bývalý Next CH s.r.o.)
Chittussiho 144, 160 00 Praha 6
DIC: CZ27257169

DR. PAUL MARION                    DONALD MACNEILL
PRESIDENT                          JEDNATEL

. 4

EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| UNIVERSITY OF NORTHERN VIRGINIA, INC. 10021 Balls Ford Road Manassas, VA 20109, <br><br> Plaintiff, <br><br> v. <br><br> TIFFIN UNIVERSITY, INC. 155 Miami Street Tiffin, OH 44883, <br><br> Defendant. | Case No. *09 CV 02225* <br><br> Hon. _____ <br><br> **COMPLAINT** <br><br> Richard M. Kerger (0015864) <br> Kimberly A. Conklin (0074726) <br> Kerger & Hartman, LLC <br> 33 S. Michigan St., Suite 100 <br> Toledo, OH  43604 <br> Telephone:  (419) 255-5990 <br> Fax: (419) 255-5997 <br> Email: rkerger@kergerlaw.com <br> kconklin@kergerlaw.com <br><br> Shawn C. Whittaker, Esq. <br> Whittaker & Associates, P.C. <br> 1010 Rockville Pike, Suite 607 <br> Rockville, MD 20852 <br> Telephone: (301)838-4502 <br> Fax: (301)838-4505 <br><br> *Counsel for Plaintiff* |

Plaintiff, University of Northern Virginia, Inc., by its attorneys, for its

Complaint against Defendant, Tiffin University, Inc., alleges as follows:

1.      Plaintiff, University of Northern Virginia, Inc. (hereinafter "UNVA") is a Virginia corporation located at 10021 Balls Ford Road, Manassas, VA 20109. UNVA is an educational institution.

2.      Defendant, Tiffin University, Inc. (hereinafter "Tiffin") is an Ohio corporation and maintains its principal place of business at 155 Miami Street, Tiffin, Ohio 44883. Tiffin is an educational institution.

3.      Jurisdiction in this Court is proper pursuant to 28 U.S.C.S. §1332.

4.      Venue is proper pursuant to 28 U.S.C.S. §1391(a)(1).

5.      In 2005, UNVA began operating a campus in Prague, Czech Republic (hereinafter "UNVA in Prague").   The campus opened successfully and satisfactorily.  UNVA is the sole owner of UNVA in Prague.

6.      Sometime prior to 2009, Tiffin began to pursue the possibility of opening a campus in Prague.  Without notice to UNVA, Tiffin developed a plan to unlawfully and improperly divert students from UNVA for Tiffin's own benefit without regard to the best interests of the students.

7.      In particular, beginning sometime in 2009, Tiffin secretly joined together with current and former employees of UNVA in Prague for the purpose of harming and/or destroying UNVA in Prague.

8.      In furtherance of this goal, Tiffin purposefully and intentionally hired or attempted to hire UNVA in Prague employees.

2

9.      Tiffin acted together with employees of UNVA in Prague, while still in UNVA's employ, to plan Tiffin's operations in Prague and gain access to UNVA students.

10.     Representatives and agents of Tiffin, acting together with employees of UNVA, purposely recruited UNVA in Prague students to the not yet established Tiffin campus.

11.     Tiffin, aided by the UNVA employees improperly induced students to leave UNVA in Prague and sign contracts to enroll with Tiffin.

12.     In furtherance on wrongfully harming UNVA, Tiffin leased space on the same floor of the same building as UNVA's offices.

13.     Tiffin went so far as to attempt to lease additional classroom space in the same building as UNVA, an effort further intended to divert students from UNVA.

## COUNT I – TORTIOUS INTERFERENCE WITH A BUSINESS CONTRACT AND/OR EXPECTANCY

14.     UNVA incorporates the preceding paragraphs as if fully stated herein and further states the following:

15.     UNVA had valid contractual and/or business relationships with its students and its employees.

16.     Tiffin knew of the contracts and/or business relationships between UNVA and its students and its employees.

17.     Upon information and belief, Tiffin intentionally induced students to transfer their enrollment from UNVA in Prague to Tiffin.

3

18.  Tiffin intentionally caused UNVA in Prague employees to leave UNVA in Prague and to work for Tiffin.

19.  Tiffin also attempted to cause other UNVA in Prague employees to leave UNVA in Prague and to work for Tiffin.

20.  By purposely recruiting UNVA in Prague students and employees, Tiffin intentionally interfered with UNVA's business relationships and induced a breach or termination of those contracts or business relationships.

21.  As a result of Tiffin's actions, UNVA has lost enrolled students and has had to expend considerable resources to retain its currently enrolled students.

22.  As a result of Tiffin's actions, UNVA has also lost employees.

23.  UNVA has incurred damages as a result of Tiffin's tortious interference with its business relations and contracts.

24.  Tiffin has acted intentionally, maliciously, with ill will and spite towards UNVA.

## COUNT II - REQUEST FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

25.  UNVA incorporates the preceding paragraphs as if fully stated herein and further states the following:

26.  The damage to UNVA caused by Tiffin's tortuous interference would be continuous and irreparable and UNVA is without an adequate remedy at law to protect its legitimate business interests.

27.  Unless Tiffin is restrained by this Court from continuing to tortuously interfere with UNVA's business relationships and contracts with its

4

students and employees, UNVA will suffer immediate, substantial and irreparable injury.

28.     The benefits to UNVA in obtaining injunctive relief are equal to or outweigh the potential harm which Tiffin would incur if this Court grants the requested injunctive relief.

29.     There is a substantial likelihood that UNVA will prevail on the merits of this action.

30.     No third parties would be damaged as a result of a restraining order against Tiffin.

31.     An injunction against Tiffin would serve the public interest by preserving contractual relationships and preventing unfair competition.

WHEREFORE, Plaintiff UNVA respectfully requests this Court to:

(a)     Enter an injunction, temporarily, preliminarily and permanently, prohibiting Tiffin from interfering with UNVA's existing and future business contracts, employees and students.

(b)     Award damages for past misconduct in an amount exceeding $75,000.

(c)     Award reasonable attorney fees and costs.

Respectfully submitted,

Dated: September 25, 2009

/s/ Richard M. Kerger
Richard M. Kerger (0015864)
Kimberly A. Conklin (0074726)
Kerger & Hartman, LLC
33 S. Michigan St., Suite 100
Toledo, OH 43604
Telephone: (419) 255-5990
Fax: (419) 255-5997

5

/s/ Shawn C. Whittaker
Shawn C. Whittaker
Whittaker & Associates, P.C.
1010 Rockville Pike, Suite 607
Rockville, MD 20852
(301)838-4502
(301)838-4505
*Pro Hac Vice Pending*

*Counsel for Plaintiff*
University of Northern Virginia, Inc.

6

# LANGE, DeVINE & CLAUS, LLC

### ATTORNEYS AT LAW

MICHAEL B. LANGE
ANNE LANGE DEVINE
annelange@blzwoh.rr.com
DAVID J. CLAUS
djc@blzwoh.rr.com

174 SOUTH WASHINGTON STREET
POST OFFICE BOX 685
TIFFIN, OHIO 44883

EXHIBIT C

(419) 448-9250
FAX (419) 448-9253

*FOR SETTLEMENT PURPOSES ONLY*
*THIS CORRESPONDENCE PROTECTED UNDER OHIO EVIDENCE RULE 408*

November 23, 2009

Azutan CH s.r.o.
Chittussiho 144/1
160 00 Praha 6
Czech Republic
Attn: Donald MacNeill

RE:  *Contract between Tiffin University and Azutan CH s.r.o. (TIFFIN UNIVERSITY –*
*AMERICAN SCHOOL OF BUSINESS IN PRAGUE)*

Mr. MacNeill:

Our law firm represents Tiffin University ("TU") on a variety of matters and specifically with respect to the above. As you may have learned, TU was named a Defendant in a lawsuit filed by Plaintiff, University of Northern Virginia, Inc ("UNVA"). The case is pending in the United States Federal Court Northern District Ohio, case number 3:09-cv-02225-DAK. UNVA accuses TU of improper conduct with respect to matters related to the Master of Business Administration and Bachelor of Business Administration programs in Prague ("Program"), which resulted in damages to UNVA in excess of $75,000.00. TU has been granted a second extension to respond to UNVA's Complaint in the hopes of resolving issues with UNVA.

As you know, you executed a contract on behalf of Azutan CH s.r.o. ("Azutan") with TU for the application of the Program in Prague. That contract provides for Azutan to "indemnify and hold TU harmless for any claim made by any student or other person or entity regarding any allegation related to this Program." A claim related to the Program has clearly been made against TU in the lawsuit. TU demands Azutan immediately indemnify TU for costs incurred to date and for all future costs and damages resulting from the pending litigation in accordance with the contract.

Short of providing indemnification in this lawsuit, which is likely to be very expensive in light of the allegations contained in the Complaint and the fact that many of the individuals who possess knowledge or information relevant to the lawsuit reside in or near Prague, TU may be

able to negotiate a satisfactory settlement of the pending lawsuit with UNVA, provided Azutan negotiate terms of the contract with TU. Negotiations with UNVA to resolve the pending litigation have not been fruitful to date. One option may be for TU to remove its presence in Prague, in lieu of continuing with protracted litigation in Federal Court, which Azutan would be responsible to bear all costs and damages sustained as a result thereof. It is my understanding Azutan has also requested other modifications to the contract since its execution. It is, therefore, crucial TU and Azutan immediately discuss this matter and the effect it may have on the relationship between TU and Azutan.

Time is of the essence as TU must respond to UNVA's complaint by December 14, 2009. Should Azutan take the position that it will not provide indemnification to TU in direct contravention of the contract, TU may have no choice but to join Azutan as a Defendant in the lawsuit. This correspondence is disseminated for settlement purposes only and all information contained herein is protected pursuant to Ohio Evidentiary Rule 408. Nothing contained in this correspondence shall be admissible to prove liability or invalidate a claim. Your prompt reply would be greatly appreciated. We look forward to your response.

Yours truly,

David J. Claus,
Counsel for Tiffin University



HRUBÝ & BUCHVALDEK
ADVOKÁTI · ADVOCATES · AVOCATS

EXHIBIT D

Prague, 3rd December 2009

Lange, DeVine & Claus, LLC
ATTENTION: David Claus, Esq.
164 S. Washington St.
Tiffin, OH 44883
U.S.A.

RE:     UNVA –v– Tiffin University

WITHOUT PREJUDICE

Dear Mr. Claus,

I write pursuant to your e-mail of the 30th November 2009, for which I thank you.

My client, Tiffin CZ s.r.o., has authorised me to respond to your e-mail of the 18th November 2009 addressed to Mr. Don MacNeill. I have been further authorised to send you my client's views with respect to the Complaint made by the UNIVERSITY OF NORTHERN VIRGINIA, INC. ("UNVA") against TIFFIN UNIVERSITY, INC. ("Tiffin") in the United States District Court for the Northern District of Ohio Western Division, a copy of which you sent me with your said e-mail of the 30th November.

My client is of the view that the claim made by UNVA against Tiffin is not of the nature covered by the provisions of section 11 of the Contract (the "Contract") entered into by and between Tiffin and Tiffin CZ s.r.o. (formerly Azutan CH s.r.o.) ("Tiffin CZ") on the 30th April 2009. Section 11 of the Contract stipulates that Tiffin CZ will indemnify and hold Tiffin harmless "...for any claim made by any student or other person or entity regarding any

HRUBÝ & BUCHVALDEK, v. o. s.
IČ: 27906019, DIČ: CZ27906019
zaps. v OR vedeném MS v Praze, odd.A, vl. 57548

Ovocný trh 2/580
110 00 Praha 1
Czech Republic

tel: (+420) 221 111 881
fax (+420) 224 233 667
info@hblaw.eu

 HRUBÝ & BUCHVALDEK
ADVOKÁTI · ADVOCATES · AVOCATS

allegation related to this Program." "Program" is defined in the preamble to the Contract as being Master in Business Administration ("MBA") and Bachelor of Business Administration ("BBA") programmes. The Complaint by UNVA does not relate to the BBA programme or to the MBA programme. Therefore it does not relate to the Program. The Complaint is against alleged improper business dealings by Tiffin, not the administration or the coordination of the Program.

My client will vehemently contest any attempt to be made a party to the litigation between UNVA and Tiffin. My client believes that Tiffin should not have any difficulty in successfully defending itself against the allegations made by UNVA, but it is not my client's place to make such a defence for Tiffin. If any of my client's officers or employees will be required to testify as witnesses, they shall do so, if they are properly indemnified for the costs relating thereto. However, Tiffin CZ takes the view that the courts of the United States of America have no jurisdiction over it and if UNVA has a grievance against Tiffin CZ it should take the appropriate action in the court of competent jurisdiction in the Czech Republic.

In order to assist you in your reply to the said Complaint, my clients have authorised me to make the following comments with respect to some of the allegations in the said Complaint. Each comment follows the number of the paragraph of the Complaint to which it refers:

6.  This is false. To the best of Tiffin CZ's knowledge and belief, Tiffin was approached by the European Council of Business Education; the enquiry was whether BBA and MBA programmes could be offered in Prague under the auspices of Tiffin. To the best of Tiffin CZ's knowledge and belief, Tiffin approached nobody, nor did it collude with anyone with any malicious, unlawful or improper intent.

7.  This is also false. To the best of Tiffin CZ's knowledge and belief, Tiffin joined forces with nobody, either secretly or openly, for the purpose of harming or destroying UNVA in Prague.

8.  This allegation is ludicrous. Tiffin does not have the legal standing in the Czech Republic to hire anybody in the Czech Republic.

9.  A former officer of UNVA in Prague, who is not presently employed by Tiffin or Tiffin CZ, nor does he have any other relationship with Tiffin CZ or, to the best of Tiffin CZ's



knowledge and belief, with Tiffin, did start making plans to divert students of UNVA in Prague to another institution. However, to the best of Tiffin CZ's knowledge and belief, Tiffin had no way of knowing this.

10.  Tiffin had no activities of its own in the Czech Republic. Tiffin CZ only started to recruit students – from all available sources, presumably including UNVA in Prague – ONLY after mid-August 2009 when Tiffin received approval from its accrediting agency to operate programmes in Prague, Czech Republic.

11.  Same as 10 above.

12.  Tiffin CZ rented the office; the UNVA in Prague campus is in a centrally located building, which housed many companies and other institutions, including the YMCA. There was no harm in doing what it did.

13.  Tiffin CZ, NOT Tiffin, looked at various possible locations for its Prague campus.

15.  Tiffin CZ cannot know what relations UNVA in Prague had with its employees, however, if its contractual relations with its students were based on a representation that UNVA was accredited, the necessary consent of the students was vitiated by the fact that UNVA had lost its accreditation in 2008.

17.  Tiffin did nothing of the sort and Tiffin CZ did nothing that would be contrary to the normal laws relating to unfair competition. As mentioned above, Tiffin CZ tried to recruit students from the entire available pool, including UNVA in Prague students.

18.  The former UNVA in Prague employees, who now work for Tiffin CZ, were either terminated by UNVA in Prague or had planned to leave UNVA in Prague in any event.

25-31.  There is no activity of Tiffin that would warrant an injunction and Tiffin CZ is not subject to the decisions of any US court. Let UNVA in Prague or UNVA seek injunctive relief in the Czech Republic.

The entire Complaint of UNVA is specious. It is either wilfully vexatious or based on UNVA's total lack of knowledge of the relationship between Tiffin and Tiffin CZ. Failing bad faith on UNVA's part, it would appear that UNVA believes that Tiffin operates in the Czech Republic in the same manner as UNVA. This simply is not the case. My client is of the view that Tiffin cannot be guilty of any wrongdoing, because it has no business activities in the Czech Republic. My client further contends that it has always acted both ethically and within the law to which it is subject, specifically the laws of the Czech Republic.

 HRUBÝ & BUCHVALDEK
ADVOKÁTI – ADVOCATES – AVOCATS

If I can be of further assistance to you, do not hesitate to contact me either by e-mail or by telephone.

This letter is written for the sole purpose of clarifying my client's present position and is without prejudice to any of my client's rights, recourses, arguments on substantive or procedural grounds or defences.

Yours sincerely,
HRUBÝ & BUCHVALDEK, v.o.s.

per:    Thomas Hrubý
        partner