IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNIVERSITY OF NORTHERN VIRGINIA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TIFFIN UNIVERSITY, INC., <br><br> Defendant. | CASE NO. 3:09-CV-2225 <br><br> JUDGE DAVID A. KATZ <br><br> **REPLY TO OPPOSITION TO MOTION TO DISMISS FOR *FORUM NON CONVENIENS*** |

## I. INTRODUCTION

Contrary to the arguments presented in Plaintiff's Opposition brief, Plaintiff's tortious interference claims relate primarily to conduct and injury that allegedly took place in Prague, Czech Republic. In this case, Plaintiff alleges that Defendant secretly joined together with Plaintiff's former employees in Prague, Czech Republic to "harm and destroy" Plaintiff's campus educating students in Prague. (Complaint, ¶¶5, 7). Plaintiff further alleges that Defendant worked with Plaintiff's employees in Prague to gain access to and recruit students away from Plaintiff's Prague campus. (Complaint, ¶9-10). Plaintiff claims that Defendant induced these students in Prague to enroll with Defendant and even leased space on the same floor of the same building as Plaintiff's campus in Prague in an effort to divert students. (Complaint, ¶¶11-13, 17-20).

Ignoring the statements in its own Complaint, Plaintiff now contends in its Opposition brief that the subject wrongful conduct was e-mail correspondence between Defendant's employees and Plaintiff's employees. Even if *some* e-mail correspondence *may* have originated

at Defendant's campus in Tiffin, Ohio, that alone is not sufficient to outweigh the significant connection between the subject matter of Plaintiff's claims and the facts that occurred in the Czech Republic. Indeed, e-mail can be sent throughout the world and Plaintiff offers no evidence to substantiate that the individual e-mails upon which it claims to base its case were in fact drafted in the State of Ohio. Moreover, the recipients of these e-mails were individuals in Prague who likewise drafted e-mails in Prague and which were then sent to recipients in Ohio. Such e-mail correspondence does not demonstrate any significant connection between Plaintiff's claims and Ohio. Rather, when viewed in its entirety, this case clearly relates to employment relationships in Prague that are governed by Czech law and the solicitation and recruitment of students in Prague by education institutions operating in Prague under Czech law.

Given such a significant connection between Plaintiff's claims and the Czech Republic, there is no legitimate reason to burden this Court and jurors of this community with a trial in this forum. The Czech Republic is an adequate alternative forum for Plaintiff's claims.

Defendant faces a substantial burden in preparing its defense if this matter remains with this Court as key witnesses and evidence is located in Prague and the subject employment relationships and business operations in Prague are governed by Czech law. Clearly, the Czech Republic has the most significant contacts and interest in the claims asserted in this action. In contrast, Plaintiff's claims have little to no connection to this community beyond the fact that Defendant happens to be an Ohio corporation. Therefore, this Court should dismiss Plaintiff's claims against Defendant on the ground of *forum non conveniens*.

**II.     LAW AND ARGUMENT**

    **A.     THE CZECH REPUBLIC IS AN ADEQUATE ALTERNATIVE FORUM.**

A *forum non conveniens* dismissal is a determination that the merits of a case should be adjudicated elsewhere. *Sinochem Int'l Co., Ltd. v. Malyaysia Int'l Shipping Corp.,* 539 U.S. 422,

2

431 (2007)(internal citations omitted). Defendants seeking a *forum non conveniens* dismissal have the initial responsibility to identify a proper alternative forum. *Stewart v. Dow Chemical Co.*, 865 F.2d 103, 106 (6th Cir. 1989). Once the existence of an alternative forum is established, the trial court must weigh the private interests of the litigants and separate factors of public interest in determining the relative convenience of the forum chosen by the plaintiff as opposed to the available alternative forum proposed by the defendant. *Id.*

Here, Defendant has clearly identified the Czech Republic as an adequate alternative forum for Plaintiff's claims. In moving to dismiss on the grounds of *forum non conveniens*, Defendant offered the affidavit of a practicing Czech attorney in Prague who has reviewed the Complaint and who is fully qualified as an advocate by the Czech Bar Association. (See Affidavit of Jiří Buchvaldek, hereinafter "Buchvaldek Aff.," attached as Exhibit B to Defendant's Motion to Dismiss, ¶¶1-2; see also Supplemental Affidavit of Jiří Buchvaldek, hereinafter "Supp. Buchvaldek Aff.," attached as Exhibit A, ¶1). Mr. Buchvaldek reviewed the claims made by Plaintiff in this action and attested that the Czech Republic has a court system in which private entities such as Plaintiff may bring a grievance and pursue remedies for such alleged unlawful business activities arising from activities or conduct occurring in the Czech Republic. (Buchvaldek Aff., ¶3). Plaintiff sets forth no competent evidence to refute this conclusion. In response to arguments raised by Plaintiffs in their opposition, Mr. Buchvaldek, the Czech attorney, has attested that Czech courts could exercise jurisdiction over such claims arising from the business activities allegedly conducted by Defendant's campus in Prague. (Supp. Buchvaldek Aff., ¶3).

Plaintiff puts forth no contrary testimony and instead merely speculates that the remedies available in the Czech Republic may not be the "same" as those available in this Court.

3

However, such speculative comparison of remedies is not determinative of the "adequacy" of the alternative forum, even if true. Rather, an alternative forum is considered inadequate *only if* "the remedy provided by it is so clearly inadequate or unsatisfactory *that it is no remedy at all.*" *Wong v. PartyGaming Ltd*, 589 F.3d 821, 830-831 (6th Cir. 2009)(quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254, 102 S.Ct. 252 (1981)). (Emphasis added). It is well-established that a forum is not inadequate simply because less favorable law may exist in the alternative forum. *Id.; Campbell v. Bridgeview Marina, Ltd.*, 347 F.Supp.2d 458, 465 (E.D. Mich. 2004). Indeed, the United States Supreme Court has unequivocally held that "dismissal on the grounds of forum non conveniens may be granted even though the law applicable in the alternative forum is less favorable to the plaintiff's chance of recovery." *Piper Aircraft Co.*, 424 U.S. at 250, 102 S.Ct. 252.

The record before this Court clearly demonstrates that the Czech Republic is an adequate alternative forum for Plaintiff's claims. Even though Plaintiff alleges that the remedies in the Czech Republic may not be identical as those available in this Court, Plaintiff does not set forth any competent evidence establishing that the remedies afforded in the Czech Republic would be so inadequate so as to be no remedy at all. Therefore, Defendant has met the threshold burden of identifying an adequate available forum in this case.

### B. PRIVATE INTERESTS WEIGH IN FAVOR OF DISMISSAL.

Once an alternative forum is identified, the Court must consider whether trial in the chosen forum would be unnecessarily burdensome for the defendant or the court. *Barak v. Zeff*, 289 Fed.Appx. 907, 910 (6th Cir. 2008)(quoting *Duha v. Agrium, Inc.*, 448 F.3d 867, 873 (6th Cir. 2006)). In making its determination, district courts should consider the following private interest factors: 1) the relative ease of access to sources of proof; 2) availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of the

4

unwilling; 3) the possibility of view of premises if appropriate; and 4) any other practical problems that make trying a case easy, expeditious, and inexpensive. *Stewart*, 865 F.2d at 106.

In evaluating and weighing such private interest factors, the trial court's central focus is "convenience." *Id.* While a plaintiff will generally not be deprived of its choice of suing in its home forum, the ultimate inquiry is where the trial will best serve the convenience of the parties and the ends of justice. *Estate of Thomson v. Toyota Motor Corp.*, Case No. 1:06cv2431, 2007 WL 1795271, *5 (quoting *Dowling,* 727 F.2d at 615)(attached as Exhibit B). Dismissal will generally be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting its choice. *Stewart*, 865 F.2d at 106. (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 (1981)). Moreover, as set forth above, a plaintiff cannot overcome dismissal on the grounds of *forum non conveniens* simply because the laws in a more appropriate forum are less favorable to one or the other party. *Id.* at 107 (internal citations omitted).

Here, there can be no doubt that a trial of Plaintiff's claims in this Court would impose a heavy burden on both Defendant and the Court. Despite Plaintiff's assertions in its Opposition brief that the subject underlying "conduct" consists of e-mail correspondence it assumes was drafted by Defendant's employees while in the state of Ohio, the allegations set forth in Plaintiff's Complaint clearly demonstrate that the key events are not grounded in statements made in emails. Rather, the actions of which Plaintiff claims occurred in Prague, Czech Republic.

Specifically, Plaintiff's claims against Defendant stem from its allegation that Defendant secretly joined together with Plaintiff's employees <u>working in Prague</u> to "harm and destroy" Plaintiff's campus <u>in Prague</u>. (Complaint, ¶¶5, 7). That claim directly relates to the employment

5

relationships and/or contracts between the parties and non-party individuals <u>working within the Czech Republic</u>. Additionally, Plaintiff alleges that Defendant worked with Plaintiff's employees <u>in Prague</u> to recruit students from Plaintiff's <u>campus in Prague</u>, and induce them to enroll with Defendant's competing <u>campus in Prague</u>. (Complaint, ¶¶9-13, 17-20). Clearly, such conduct would have to have occurred <u>in Prague where the students are located</u>. Moreover, such claims directly relate to the solicitation and enrollment of students at education institutions <u>in Prague</u>, operating under the accreditation of <u>the Czech Ministry</u> and subject to the <u>laws of the Czech Republic</u>. (See Supp. Buchvaldek Aff., ¶4).

There can be no dispute that key witnesses and evidence related to Plaintiff's claims are located in Prague. Although Plaintiff coyly contends that the witnesses it will ***"initially"*** depose are located in Ohio, Plaintiff's counsel has previously acknowledged that it will be necessary to conduct depositions in Prague. (See E-mail dated January 30, 2010 attached as Exhibit C). In e-mail correspondence dated January 30, 2010, Plaintiff's counsel set forth his theory of the case and concluded that, if the parties were unable to settle, then they would need to block out "a week of time * * *to travel to Prague to conduct depositions." (See Exhibit C).

Moreover, the Court must also consider witnesses that Defendant deems to be instrumental to its discovery and defense. The testimony of the Plaintiff's former employees in Prague and students allegedly "diverted" by Defendant in Prague is unquestionably critical to Defendant's defense and the resolution of this case. However, these foreign third-parties working, studying, and/or residing in the Czech Republic are not subject to this Court's compulsory process. This Court's inability "to compel [such] foreign witnesses, who form the majority of potential witnesses in the suit, would seriously hamper the ability of the factfinder to determine the facts in this case." *Barak*, 289 Fed.Appx. at 912. The Sixth Circuit has

6

recognized that a *forum non conveniens* dismissal is appropriate given such compulsory process concerns, even in circumstances where the majority of the proof is in the United States. *Id.* (citing *De Melo v. Lederle Labs.*, 801 F.2d 1058, 1062-1063 (8th Cir. 1986)).

Additionally, the travel costs to procure testimony from such witnesses is undoubtedly prohibitive. See *Estate of Thomson*, 2007 WL 1795271 at *4. A jury view may also be necessary and appropriate given Plaintiff's allegations that Defendant intentionally leased space in the same building as Plaintiff in Prague for the purpose of diverting Plaintiff's students in Prague. (Complaint, ¶11-13, 17-20). Such arrangements were be nearly if not entirely impossible should this case continue to be adjudicated in this Court.

Although Plaintiff takes pains to mention that Defendant is a Ohio corporation, such fact is not determinative of the convenience or appropriateness of this forum for the resolution of Plaintiff's claims. In *Barak v. Zeff*, 289 Fed.Appx. 907 (6th Cir. Aug. 19, 2008), the Sixth Circuit determined that the mere fact that a defendant resides in the home forum does mitigate against the private interest factors weighing in favor of adjudication in the alternative foreign forum. *Id.* at 913. In so holding, the Sixth Circuit found that the defendant's residence in the United States did not diminish the significance of the location of evidence and witnesses in the alternative forum, and the greater expense to defendant if a trial were held in the United States. *Id.* at 913 (citing *Pollux Holding, Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 74 (2d Cir. 2003)).

Similar to the present case, the *Barak* case involved a dispute between two United States citizens regarding a business venture in a foreign country, namely Spain. Id. at 908. Upon the defendant's motion, the district court in *Barak* dismissed the case on the ground of *forum non conveniens* after finding that Spain was a more convenient forum to resolve the plaintiff's

7

149079 v_01 \ 123394.0001

claims. Id. at 909. The Sixth Circuit affirmed that dismissal on appeal, relying in part on the court's inability to compel the production of documents or testimony from foreign witnesses. *Id.* at 912. In so holding, the Sixth Circuit explicitly rejected the plaintiff's contention that the chosen forum was proper forum simply because it was the defendant's home forum. *Id.*

Finally, Plaintiff's reference to a separate lawsuit filed by Defendant in the Seneca County Court of Common Pleas between Tiffin University and Azutan CH, a/k/a Tiffin CZ, s.r.o. is misplaced and not relevant to the Court's consideration of the private factors weighing in favor of dismissal in this claim involving these parties. Such claim was founded upon a specific contract between parties that did not include Plaintiff, UNVA as a signator. Accordingly, the contractual venue of those claims is not relevant here.

Significantly, Plaintiff neglects to mention that the Seneca County lawsuit was dismissed by Defendant, with prejudice, <u>before</u> service was ever perfected on the Czech defendant, Azutan CH, a/k/a Tiffin CZ, s.r.o. A copy of the Notice of Dismissal filed in the Seneca County action is attached as Exhibit D. Thus, not only is the forum for the Seneca County action not relevant to Plaintiff's claims, it is not even a pending matter. Accordingly, that separate action has absolutely no application to the private interest factors weighing in favor of dismissal.

### C. **PUBLIC INTEREST FACTORS ALSO MANDATE A *FORUM NON CONVENIENS* DISMISSAL.**

In addition to the private interest factors discussed in the Section above, public interest factors likewise weigh in favor of dismissal of this action for *forum non conveniens.* Relevant public interest factors include 1) administrative difficulties of courts with congested dockets; 2) the burden of jury duty on people of a community having no connection with the litigation; 3) desirability of holding trial near those most affected by it, and 4) the appropriateness of holding a trial in a diversity case in a court which is familiar with governing law. *Stewart*, 865 F.2d at 106

8

(citing *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 616 (6th Cir. 1984)). The Court's central focus in evaluating and weighing such factors is "convenience." *Id.*

It is well established that there is a clear interest in having localized controversies decided at the place where the controversy takes place. *Id.* (citing *Dowling*, 727 F.2d at 612). Here, the Czech Republic has a significant interest in adjudicating Plaintiff's claims because the allegations directly relate to the employment relationships and employment contracts of individuals residing and working in the Czech Republic, as well as to the business activities of educational institutions operating in the Czech Republic under accreditation by the Czech Ministry and subject to Czech law. (Supp Buchvaldek Aff., ¶4). In contrast, Plaintiff's claims have little to no connection to this community beyond the tangential fact that Defendant is incorporated in Ohio.

Moreover, it is preferable for a court familiar with the controlling law to hear a case if the controlling law is that of a foreign country. *Estate of Thomson*, 2007 WL 1795271 at *4. Because this matter is before the Court based on diversity jurisdiction, this court must apply Ohio's choice-of-law provisions to determine the controlling law for Plaintiff's claims. See *Id.* at *5. In Ohio, there is a presumption that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the suit. *Id.* (citing *Morgan v. Biro Manuf.*, 15 Ohio St.3d 339 (Ohio 1984)). Factors relevant to the determination of a "more significant relationship" include 1) the place where the injury occurred; 2) the place where the conduct causing the injury occurred; 3) the place where the relationship between the parties is centered, and 4) the resident, place of incorporation and place of business of the parties. *Id.* The United States Supreme Court has dictated that the need to apply foreign law favors dismissal by

9

the American court and adjudication of the case by the foreign court familiar with the applicable law. *Id..* at *5 (citing *Piper,* supra, 454 U.S. at 260).

Here, Plaintiff does not address these choice-of-law factors but simply summarily concludes that Ohio law would apply. Defendant disagrees. The need to apply Czech law weighs in favor of adjudication of this case in the Czech Republic. See *Barak*, 289 Fed.Appx. at 914 (citing *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 615 (6th Cir. 1984)). The employment relationships and/or employment contracts of Plaintiff's employees allegedly hired by Defendant in Prague are clearly governed by the laws of the Czech Republic. (Supp. Buchvaldek Aff.,¶4). Additionally, the business practices of the subject campuses in Prague are governed by Czech law. (Supp. Buchvaldek Aff., ¶4). The subject conduct of recruiting employees and students in Prague for educational institutions operating in Prague must decided in the context of the laws of the Czech Republic where the campuses are located, and where the subject employees reside and work.

Again, this Court's consideration of the private interest factors weighing in favor of the resolution of Plaintiff's claims in the Czech Republic cannot be determined because a separate Seneca County action, involving different parties in a contract dispute, was filed and dismissed with prejudice by Tiffin University. As discussed on page 7 above, that separate action involving a claim for contractual indemnification was dismissed by Defendant with prejudice on July 16, 2010 before service was ever been perfected on the Czech defendant. (See Notice of Dismissal attached as Exhibit D). Separately analyzing this claim in light of the public and private interest factors can lead to only one conclusion; that dismissal of this action in Ohio must occur.

10

**III.    CONCLUSION**

The private and public factors favoring adjudication of this dispute in the Czech Republic, as well as the required application of Czech Republic law to Plaintiff's claims clearly establish that the Czech Republic is the more appropriate and convenient forum for this case.

Accordingly, Defendant, Tiffin University, respectfully requests that this Court dismiss Plaintiff's claims on the grounds of *forum non conveniens.*

                                          Respectfully submitted,

                                          */s/ Denise M. Hasbrook*
                                          Denise M. Hasbrook (0004798)
                                          Emily Ciecka Wilcheck (0077895)
                                          Roetzel & Andress, LPA
                                          One SeaGate, Suite 1700
                                          Toledo, OH 43604
                                          Telephone: 419.254.5243
                                          Facsimile: 419.242.0316
                                          E-mail:  dhasbrook@ralaw.com
                                          E-mail:  ewilcheck@ralaw.com

                                          *Counsel for Defendant, Tiffin University*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing Reply to Opposition to Motion to Dismiss for Forum *Non Conveniens* has been served upon the following parties via the Court's electronic filing system, this  19th  day of August, 2010:

Richard M. Kerger, Esq.
Kimberly A. Conklin, Esq.
Kerger & Hartman, LLC
33 S. Michigan St., Suite 100
Toledo, OH 43604

Shawn C. Whittaker, Esq.
Whittaker & Associates, P.C.
1010 Rockville Pike, Suite 607
Rockville, MD 20852

*Counsel for Plaintiff,*
*University of Northern Virginia, Inc.*

David J. Claus, Esq.
Lange, DeVine & Claus, LLC
174 South Washington Street
Tiffin, OH 44883
*Counsel for Tiffin University*

Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's System.

Respectfully submitted,

*/s/ Denise M. Hasbrook*
Denise M. Hasbrook (0004798)
Emily Ciecka Wilcheck (0077895)

*Counsel for Defendant, Tiffin University*