Westlaw.

Not Reported in F.Supp.2d, 2007 WL 1795271 (N.D.Ohio)
(Cite as: 2007 WL 1795271 (N.D.Ohio))

Page 1

Only the Westlaw citation is currently available.

United States District Court,
N.D. Ohio,
Eastern Division.
The ESTATE OF Dorothy THOMSON, et al.,
Plaintiffs,
v.
TOYOTA MOTOR CORPORATION WORLDWIDE, et al., Defendants.
No. 1:06CV2431.

June 19, 2007.

Douglas P. Desjardins, Clapp, Desjardins & Ely, Washington, DC, for Plaintiffs.

Dennis P. Ziemba, Edward A. Gray, Eckert, Seamans, Cherin & Mellott, Philadelphia, PA, George D. Jonson, Montgomery, Rennie & Jonson, Cincinnati, OH, Hilary S. Taylor, Randy L. Taylor, Jennifer A. Riester, Weston Hurd, Cleveland, OH, for Defendants.

*MEMORANDUM AND ORDER*

ANN ALDRICH, United States District Judge.

*1 Before this court are two motions: (1) the motion of defendant Toyota Motor Corporation Worldwide ("TMC") to dismiss all claims against it under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and under Rule 12(b)(3) for improper venue; or, in the alternative, to dismiss for *forum non conveniens* (Doc. No. 20); and (2) the motion by defendant Thrifty Rent-A-Car Services, Inc. ("Thrifty") to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. No. 7). For the following reasons, the court grants Toyota's motion to dismiss for improper venue and lack of personal jurisdiction, and dismisses the claims against Thrifty for *forum non conveniens.*

**I. Background**

On September 28, 2005, Rita Miller, daughter-in-law of Plaintiff Colleen Miller, rented a Toyota Condor from "Thrifty Car Rentals" in Port Elizabeth, South Africa. According to the plaintiffs' complaint, the left rear drum of the vehicle "malfunctioned and seized" while Rita's husband Jerame Miller drove the car on October 3, 2005. The plaintiffs assert that the bonded lining of the brake shoe came unglued and became wedged between the brake shoe and the brake drum, causing the vehicle to become uncontrollable and to crash. Dorothy Thomson and Colleen Miller suffered serious injuries as the result of the crash. Dorothy Thomson died on October 9, 2005, due to complications arising from her injuries.

Colleen Miller and the Estate of Dorothy Thomson filed suit against TMC and Thrifty on October 9, 2006. On April 16, 2007, defendant TMC filed a motion to dismiss all claims against it for lack of personal jurisdiction and improper venue or, alternatively, for *forum non conveniens.* Defendant Thrifty filed a motion on January 3, 2007 to dismiss for failure to state a claim upon which relief can be granted.

**II. Discussion**

**A. Personal Jurisdiction Over TMC**

Personal jurisdiction exists over a non-resident defendant if the defendant is amenable to process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process. *Bird v. Parsons,* 289 F.3d 865, 871 (6th Cir.2002) (citation omitted). For personal jurisdiction to be proper under Ohio's long

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.



Page 2
Not Reported in F.Supp.2d, 2007 WL 1795271 (N.D.Ohio)
**(Cite as: 2007 WL 1795271 (N.D.Ohio))**

arm statute, Ohio Rev.Code § 2307.382(A), sufficient minimum contacts must exist between the non-resident defendant and the forum state so as not to offend traditional notions of fair play and substantial justice. *Id.* This suit is not related to or arising out of the defendant's contacts with the forum state, so it is not alleged that TMC is subject to specific jurisdiction in Ohio for this case. *Id.* at 874. Rather, the plaintiffs allege that TMC is subject to general jurisdiction in Ohio. General jurisdiction is proper when "a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Id.* at 875 (quoting *Third Nat'l Bank in Nashville v. Wedge Group Inc.,* 882 F.2d 1087, 1089 (6th Cir.1989).

*2 The critical question in minimum contacts analysis is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, (1980). TMC does not have any contacts with Ohio and could not reasonably anticipate being haled into court there, so TMC does not meet the minimum contacts required for personal jurisdiction. TMC, which designed and manufactured the Toyota Condor involved in this claim, is a Japanese company with its principle place of business in Japan. TMC does not import, market, or sell Toyota motor vehicles anywhere in the continental United States, including Ohio. The plaintiff, however, insists that "Toyota" is "omnipresent in the United States and Ohio." (Doc. No. 26.) The plaintiffs' repeated references to "Toyota" intentionally blurs the line between two separate and independent corporations: TMC, the maker of the Condor, incorporated in Japan, and Toyota Motor Sales, U.S.A., Inc. ("TMS"), a separate and independent company incorporated in California that imports Toyota vehicles into the U.S., including Ohio.

Sixth Circuit cases and Ohio law require a demonstration of financial dependency between corporations and a demonstration of nonobservance of corporate formalities to find that a subsidiary is an "alter ego" of the parent corporation, which can subject it to jurisdiction. *Executone of Columbus, Inc. v. Inter-Tel, Inc.,* No. 2:06-cv-126, 2006 WL 3043115 *11 (S.D.Ohio Oct.4, 2006). In determining whether a subsidiary is an alter ego of the parent corporation, Ohio courts consider whether corporate formalities are observed, whether corporate records are kept, and whether the corporation is financially independent. *Microsys Computing, Inc. v. Dynamic Data Systems, LLC,* No. 4:05CV2205, 2006 WL 2225821, *6 (N.D.Ohio Aug.2, 2006). Sixth Circuit law examining the alter ego relationship between two corporations adopts these factors and specifies additional factors: sharing the same employees and corporate officers, engaging in the same business enterprise, having the same address and phone line, using the same assets, completing the same jobs, not maintaining separate books, tax returns and financial statements, and exerting control over the daily affairs of another corporation. *Id.*

TMC argues that it is not subject to jurisdiction in Ohio because TMS is not its alter ego, and therefore TMS's contacts with Ohio are irrelevant. TMC fully supports this claim, stating that TMS has its own workforce and board of directors, maintains its own corporate books and files its own tax returns, and maintains separate managerial and supervisory personnel. TMC does not directly own any TMS stock, and gives no instructions to TMS with regard to distribution of motor vehicles. The plaintiffs do not present any evidence or arguments asserting that the companies are so closely related as to be considered the same, and in fact ignore the distinction between the companies altogether. It is apparent that TMS is not merely an alter ego of TMC, and its presence in Ohio cannot subject TMC to jurisdiction there. Since the court does not have personal jurisdiction over TMC, venue is also improper. For these reasons, the court grants the motion to dismiss with respect to TMC.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 1795271 (N.D.Ohio)
**(Cite as: 2007 WL 1795271 (N.D.Ohio))**

**B. Thrifty's Motion to Dismiss and *Forum Non Conveniens***

*3 Thrifty filed a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, stating that it conducts no car rental operations in South Africa and is therefore not a proper party to the suit. The court, however, does not need to reach the question of whether Thrifty is a proper party to the suit because it dismisses the case on the grounds of *forum non conveniens*

While Thrifty did not raise the issue of *forum non conveniens,* the Ninth Circuit found in *Seagal v. Vorderwuhlbecke,* 162 Fed.Appx. 746, 748 (9th Cir.2006) (citing *Mizokami Bros. of Arizona, Inc. v. Baychem Corp.,* 556 F.2d 975, 977 (9th Cir.1977) that, given the wide discretion afforded district courts under the doctrine of *forum non conveniens,* it may be raised *sua sponte.* This is because the doctrine is merely a procedural supervening venue provision permitting displacement of ordinary rules of venue when the trial court finds that jurisdiction ought to be declined. *American Dredging Co. v. Miller,* 510 U.S. 443, 453, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994). The court agrees and therefore applies *forum non conveniens* here.

1. Alternative Forum

When applying *forum non conveniens,* an appropriate alternative forum must first be established. *Stewart v. Dow Chemical Corp.,* 865 F.2d 103, 106 (6th Cir.1989) (citations omitted). South Africa is an appropriate alternative forum because it is the place where the injury occurred and it can provide adequate relief to the plaintiffs. Next the court must consider the private interests of the litigants and factors of public interest in determining relative convenience of the forum chosen by the plaintiff as opposed to the available alternative forum. *Id.* Private interests include the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, the cost of obtaining attendance of unwilling witnesses, possibility of viewing the scene if needed, and other practical problems that make trying a case easy, expeditious, and inexpensive. *Id.* Relevant public interest factors include administrative difficulties of courts with congested dockets, the burden of jury duty on people of a community having no connection with the litigation, desirability of holding a trial near those most affected by it, and the appropriateness of holding a trial in a diversity case in a court which is familiar with governing law. *Id.*

2. Private interest factors

Private interest factors weigh in favor of South African adjudication of this case. South Africa is where the Toyota Condor involved in the accident was bought, kept, maintained, rented out, and it is where the accident occurred. Documents related to the investigation of the accident are in South Africa, as well as the medical records regarding hospitalization after the accident. Critical witnesses are located in South Africa, such as the individuals involved in the sale, maintenance, and rental of the vehicle; law enforcement personnel involved in the investigation of the accident; medical personnel involved in the plaintiffs' treatment; and the individual who inspected the car after the accident.

*4 The plaintiffs cite to 23 U.S.T. 2555, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention on Evidence"), as a process by which a court in the United States may extend its powers over citizens of South Africa in order to procure evidence. South Africa, however, specifically declared in its Reservations and Declarations (3)(e), "Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries, will not be executed as provided for in Article 23." (Article 23 provides, "A Contracting State may at the time of signature, ratification or accession, declare that it will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in Common Law.) Under the declaration, this court lacks the power be-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 1795271 (N.D.Ohio)
**(Cite as: 2007 WL 1795271 (N.D.Ohio))**

Page 4

fore trial to compel documents to be produced or witnesses to appear for deposition when they are located in South Africa. Even if witnesses were willing to appear at trial in the United States, travel costs would likely be prohibitive.

The Supreme Court found in *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 258, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), that the party moving to dismiss for *forum non conveniens* does not need to provide details regarding the identity of the witnesses to be called and the testimony those witnesses would provide if the trial were held in the alternative forum. This is because many crucial witnesses are located beyond the reach of compulsory process, and thus are difficult to identify or interview. *Id.* Requiring extensive investigation in a foreign country to support the motion would defeat the purpose of the motion. While normally Thrifty would need to provide enough information to enable the court to balance the parties' interests, in this case, the court acts *sua sponte* to dismiss because of the clear difficulties in trying a case in a different country from where the event occurred and where the witnesses are located. Additionally, TMC's alternative motion to dismiss for *forum non conveniens* presents arguments that apply to Thrifty, and the plaintiffs were able to respond and present arguments for preventing dismissal on these grounds in their reply.

3. Public interest factors

Public interest factors also favor dismissal. The result of this trial will have a greater impact on the residents of South Africa; the car was manufactured to the requirements of vehicles operated in South Africa, not those that govern vehicles operated in the United States. Any outcome might alter those requirements for vehicles in South Africa. If the case continued in this court, American jurors in Ohio would be burdened by a case whose resolution will be felt the greatest in South Africa, while South African citizens would be deprived of hearing a case regarding the safety of a vehicle marketed, sold, and used in their country.

4. Choice of law

Additionally, it is preferable for a court familiar with the controlling law to hear the case if the controlling law is that of a foreign country. A federal court sitting in diversity must apply the choice-of-law rules of the forum state to decide which laws should be applied. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Tele-Save Merch. Co. v. Consumers Distrib. Co.,* 814 F.2d 1120, 1122 (6th Cir.1987). *Morgan v. Biro Manufacturing,* 15 Ohio St.3d 339, 474 N.E.2d 286, 289 (Ohio 1984), states that there is a presumption that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit as determined by the balancing test set out in the Restatement (Second) of Conflict of Laws ("Restatement"). In this case, South African law will be applied unless another state has a more significant relationship.

*5 Factors considered in determining a "more significant relationship" are found in § 145 of the Restatement. They include the place where the injury occurred, the place where the conduct causing the injury occurred, the place where the relationship between the parties is centered, and the residence, place of incorporation, and place of business of the parties. Weighing these factors, no state has a more significant relationship to the case than South Africa. The place of the injury is South Africa, where the crash happened. Depending on liability findings, the place of the conduct causing the injury may be Japan, where the car was designed and manufactured, or South Africa, where the car was purchased, kept, and rented out by the Thrifty franchise. The relationship is centered in South Africa where the plaintiffs rented the vehicle manufactured by TMC from the Thrifty franchise. Finally, the plaintiffs are residents of Ohio, TMC is located and incorporated in Japan, and Thrifty is an Oklahoma based company incorporated in Oklahoma.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Balancing these factors, South African law should be applied in the products liability and agency claims because it is where the event took place and no other state has a more significant relationship to the lawsuit. The Supreme Court has held that the need to apply foreign law favors dismissal by this court and adjudication of the case by the foreign court familiar with the applicable law. *Piper,* 454 U.S. at 260. The Sixth Circuit has followed accordingly, stating that "This Court's unfamiliarity with the foreign law which will govern these actions supports dismissal on the basis of *forum non conveniens.* " *Dowling v. Richardson-Merrell, Inc.,* 727 F.2d 608, 615 (6th Cir.1984). While ordinarily a plaintiff will not be deprived of his choice of suing in his home forum, "the ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice." *Id.* at 613 (quoting *Koster v. Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 527, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)).

In this case, application of foreign law regarding agency and products liability, as well as a number of public and private factors, leads to the conclusion that South Africa is a more appropriate forum in which to hear the case. Therefore, Thrifty's motion to dismiss for failure to state a claim does not need be decided, and the case is dismissed for *forum non conveniens.*

### III. Conclusion

For the foregoing reasons, TMC's motion to dismiss for lack of jurisdiction and improper venue is granted, and the action against Thrifty is dismissed for *forum non conveniens.*

This order is final and appealable.

IT IS SO ORDERED.

N.D.Ohio,2007.
Estate of Thomson v. Toyota Motor Corp. Worldwide
Not Reported in F.Supp.2d, 2007 WL 1795271 (N.D.Ohio)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.