# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| University of Northern Virginia, Inc. | ) Case No. 3:09CV2225 |
| | ) |
| | ) Judge David A. Katz |
| Plaintiff, | ) |
| | ) **SURREPLY IN SUPPORT OF** |
| | ) **OPPOSITION TO MOTION TO** |
| -vs- | ) **DISMISS FOR *FORUM NON*** |
| | ) ***CONVENIENS*** |
| | ) |
| Tiffin University, Inc. | ) Richard M. Kerger (0015864) |
| | ) Kimberly A. Conklin (0074726) |
| Defendant. | ) Kerger & Hartman, LLC |
| | ) 33 S. Michigan St., Suite 100 |
| | ) Toledo, OH 43604 |
| | ) Telephone: (419) 255-5990 |
| | ) Fax: (419) 255-5997 |
| | ) Email: rkerger@kergerlaw.com |
| | ) kconklin@kergerlaw.com |
| | ) |
| | ) *Counsel for Plaintiff* |

Defendant has raised an argument in its Reply which actually defeats its own claim. Without conceding the point, and assuming it to be true only for the purpose of demonstrating the absurdity of defendant's position, the defendant states on page 7 of its Reply: "Additionally, the travel costs to procure testimony from such witness is undoubtedly prohibitive."

Accepting that proposition to be true, what the defendant seeks to do through this motion is to force the plaintiff to litigate the entire case in a forum in which the costs would be "undoubtedly prohibitive." That is the game here. It has nothing to do with the supposed merits of defendant's arguments. It is an attempt to avoid the lawsuit by imposing "prohibition" expenses on plaintiff.

As to the existence of the lawsuit in Seneca County, the fact is not <u>when</u> it was dismissed, but rather the fact that it was <u>filed</u>. Under the Ohio Rules of Civil Procedure, a lawyer is charged with the duty reasonably believing that it would be appropriate to proceed in the forum selected. The <u>fact</u> of the pendency of the Seneca County case involving the same issues in this matter should be a significant factor in the Court's assessment of this situation.

The issue is not solely where the harm occurred, but rather where the mechanism which caused the harm was developed. At the risk of hyperbole, the defendant seems to suggest it would be wrong to sue it in Ohio for launching a ICBM which hit in Czechoslovakia. While Czechoslovakia might be an appropriate forum for this matter, it is not the only appropriate forum. The one plaintiff selected should be respected.

Counsel for plaintiff indeed wrote to counsel for the defendant noting that if the matter did not settle, "we need to block out a week of time this summer I assume to travel to Prague to conduct depositions." See Exhibit C attached to defendant's reply brief. But the obvious meaning of that statement is that once the

2

week of depositions in Prague was over, the activities in that foreign country would be over.  <u>All</u> of rest of the information is in Virginia or Ohio, and this analysis further establishes why the matter should proceed here rather than there.

Finally, the decision of *Barak v. Zeff*, 289 Fed. Appx. 907 (6th Cir. 2008) is indeed instructive, but like other decisions cited by defendant, it does not support the proposition that the case should be dismissed.  Of critical importance is that the panel of the court deciding *Barak* noted that the Circuit had determined that there was a "high degree of deference" to be afforded to a plaintiff in his choice of a forum.  In affirming the District Court, the Court of Appeals first noted the high degree of deference to be shown the District Court's decision, that is to say, the appellant had to show a "clear abuse of discretion."  In the course of the *Barak* decision, the Court of Appeals also made reference to its decision in *Duha v. Agrium*, 448 F. 3d 867 (6th Cir. 2006).  In that decision, which was cited for full citation as opposed to the limited purposes for which *Barak* can be used, the Court noted in that the fact that Argentina was an acceptable forum did not mean that the plaintiff should not be allowed to proceed in the United States.  In that case, the Court noted that discovery on jurisdictional issues had "already produced 4,000 pages of materials.  The lion's share of it, if the record is representative, is in English and has likely been produced from Canada to the United States, with far less coming from Argentina."  In this case, <u>not one single document</u> has been

produced in a language other than English.  According to this analysis, the case should proceed here, not in Czechoslovakia.

To be frank, this does not appear to be even a close question.  The motion should be denied.

Respectfully submitted,

/s/ Richard M. Kerger
Richard M. Kerger (0015864)
Kimberly A. Conklin (0074726)
Kerger & Hartman, LLC
33 S. Michigan St., Suite 100
Toledo, OH  43604
Telephone:  (419) 255-5990
Fax: (419) 255-5997
Email: rkerger@kergerlaw.com
            kconklin@kergerlaw.com

/s/ Shawn C. Whittaker
Shawn C. Whittaker
Admitted Pro Hac Vice
Whittaker & Associates, P.C.
1010 Rockville Pike, Suite 607
Rockville, MD 20852
Telephone: (301) 838-4502
Fax: (301) 838-4505
Email: shawn@whittaker-law.com

*Counsel for Plaintiff*
University of Northern Virginia, Inc.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 1, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                               /s/ Richard M. Kerger
                                               Richard M. Kerger (0015864)
                                               One of the Attorneys for Plaintiff