IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNIVERSITY OF NORTHERN
VIRGINIA, INC.,

                       Plaintiff,                       Case No. 3:09 CV 2225

      -vs-

                                                 <u>MEMORANDUM OPINION</u>

TIFFIN UNIVERSITY, INC.,

                       Defendant.

KATZ, J.

       This matter is before the Court on Defendant Tiffin University, Inc.'s motion to dismiss on the basis of *forum non conveniens* (Doc. 20), Plaintiff University of Northern Virginia, Inc.'s opposition (Doc. 23), Defendant's Reply (Doc. 24) and Plaintiff's Surreply (Doc. 27). The Court notes diversity jurisdiction under 28 U.S.C. §1332 and proper venue under 28 U.S.C. §1391.

**Discussion**

       This action arises out of a dispute between a Virginia university and an Ohio university over campuses in Prague, Czech Republic. Defendant asserts that the connection with the Czech Republic would make that country a much more convenient forum for this dispute.

       In the Sixth Circuit "dismissal on *forum non conveniens* grounds is appropriate when the defendant establishes, first, that the claim can be heard in an available and adequate forum." *Duha v. Agrium, Inc.*, 448 F.3d 867, 873 (6th Cir. 2006) (citations omitted). "Ordinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n22 (1981) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506-7 (1947)). In addition to such availability, Defendant must show the

adequacy of the alternative forum by showing that the dispute may be litigated in that forum and that the forum's remedies are not "clearly unsatisfactory" or "no remedy at all." *Id.*; *Wong v. Partygaming LTD*, 589 F3d. 821, 831-32 (6th Cir. 2009) (citing *Id.*). Public and Private interests are only balanced after the alternative forum has been established. *Stewart v. Dow Chemical Co.*, 865 F.2d 103, 106 (6th Cir. 1989) (quoting *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984).

Defendant hopes to move the suit to the Czech Republic. In order to establish the adequacy and availability, Defendant submitted two affidavits from a Czech advocate concluding "[t]he Czech Republic has a court system in which private entities such as UNVA could bring a grievance and pursue remedies for alleged unlawful business activities arising from activities or conduct occurring in the Czech Republic like the Complaint filed in this case" and "the Czech Republic could exercise jurisdiction." Doc. 20, Buchvaldek Aff. at 3; Doc. 24, Supp. Buchvaldek Aff. at 2-3. This Czech legal expert bases his conclusions on his knowledge of the Czech legal system and his knowledge of this case; he does not direct this Court to the particular legal remedies of the Czech system or the contours of that system regarding availability such statute of limitations or whether Czech courts accept waiver of such. Without knowing more about Czech legal remedies, actions, and access, this Court cannot determine that the courts of the Czech Republic provide an adequate and available alternative forum for this dispute. *See Barak v. Zeff*, 289 Fed. Appx. 907, 910 (6th Cir. 2008) (affidavit included reference to Spanish courts accepting conditions of the dismissal); *compare Mercier v. Sheraton Int'l, Inc.*, 935 F.2d 419, 425-26 (1st Cir. 1991) (affidavit containing "general recitation ... that the alternative forum can adjudicate 'commercial claims'" and no mention of statute of limitations insufficient to present adequate

alternative forum) *with Mercier v. Sheraton Int';, Inc.*, 981 F.2d 1345, 1351-52 (1st Cir. 1992) (accepting a "more comprehensive affidavit" mentioning some specific provisions of the law of the alternative forum after remand in the same suit; dismissal was then affirmed).

**Conclusion**

For the reasons discussed herein, Defendant's motion to dismiss on the basis of *forum non conveniens* (Doc. 20) is denied.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE